**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TYESHA NATALIE ISOM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-234-SDJ-KPJ** |
| | § | |
| **DOOR DASH,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636(c). As set forth below, the Court finds Plaintiff Tyesha Natalie Isom's ("Plaintiff") claims against Defendant Door Dash ("Defendant") should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

On March 24, 2021, Plaintiff filed the General Complaint (the "Complaint") (Dkt. 1) against Defendant. *See* Dkt. 1 at 1. In the Complaint (Dkt. 1), Plaintiff alleges that Defendant "refused to update their verification system to identify [her] registered number, which would allow access to their system to provide delivery courier services." *Id.* at 4. Plaintiff further alleges that "[t]his caused [her] financial hardship, and a personal injury of difficulties with paying housing rent" and she "lost about $6,000 of income." *Id.*

On April 1, 2021, the Court granted Plaintiff leave to proceed *in forma pauperis*. *See* Dkt. 4. In so doing, the Court ordered Plaintiff to prepare service of process on Defendant and directed the United States Marshal to serve process upon Defendant. *Id.* at 2. The United States

1

Marshal served process by certified mail upon Defendant at the address provided by Plaintiff. *See*

Dkts. 6–7.

No action was taken by any of the parties for over a year. On November 15, 2022, the Court

ordered Plaintiff to file a status report advising the Court of her intent to proceed in this action no

later than fourteen (14) days after receipt of the order. Dkt. 8. The Clerk's Office mailed a copy of

the order to Plaintiff via certified mail return receipt requested on November 15, 2022. To date,

the Court has not received a return receipt; the tracking number associated with that mailing

indicates that the order is "in transit to next facility." The Court attempted to mail the order again

via certified mail return receipt requested on October 13, 2023. To date, the Court has not received

a return receipt; the tracking number associated with that mailing indicates that the order is "in

transit to next facility."

> Rule 41(b) of the Federal Rules of Civil Procedure provides:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). The Supreme Court has long held that "[t]he authority of a court to dismiss

sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed

not by rule or statute but by the control necessarily vested in courts to manage their own affairs so

as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S.

626, 630–31 (1962) (citations omitted). "The power to invoke this sanction is necessary in order

to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

of the District Courts." *Link*, 370 U.S. at 629–30. "Courts are empowered to 'clear their calendars

of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

relief,' in order 'to achieve the orderly and expeditious disposition of cases.'" *Jones v. AT&T Mobility Servs., LLC*, No. 17-cv-2315, 2018 WL 7117916, at *2 (N.D. Tex. Dec. 27, 2018) (quoting *Link*, 370 U.S. at 629–31), *R. & R. adopted*, 2019 WL 318181 (N.D. Tex. Jan. 23, 2019). "Pro se litigants are not exempt from compliance with the rules of procedure." *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Here, Plaintiff has failed to take any action in this case since she prepared service of process on the named Defendant in April 2021. *See* Dkt. 5. The Clerk of Court issued summons on April 29, 2021. *Id.* Defendant never made an appearance. Although summons was returned executed, it is unclear whether the person served—J Yotes—is an authorized agent of Defendant.[1] *See* Dkts. 6–7; *see also* FED. R. CIV. P. 4(h). Moreover, Plaintiff never requested a clerk's entry of default or moved for a default judgment against Defendant. *See* FED. R. CIV. P. 55. As a result, this case has been inactive for almost three years. The Court has attempted to reach Plaintiff at the address she provided to the Court but has been unsuccessful. To date, Plaintiff has not contacted the Clerk's Office or otherwise taken any action in this matter. It is, therefore, recommended that Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE** for want of prosecution. *See* FED. R. CIV. P. 41(b).

---

[1] Federal Rule of Civil Procedure 4 provides that a company may be served by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where services is made or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. FED. R. CIV. P. 4(h). Like the Federal Rules, Texas law requires service on a business entity through an authorized agent, otherwise known as a registered agent under Texas law. *See Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("A corporation is not a person capable of accepting process on its own behalf, and it therefore must be served through an agent."). For corporate defendants, the president and each vice president of the corporation and the registered agent of the corporation are agents of such corporation upon whom process may be served. *See* TEX. BUS. ORGS. CODE §§ 5.201(a)–(b), 5.255. Texas law further provides that citation can be served by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a)(2). The Court does not know who J Yotes is and whether he is authorized to receive service by mail on behalf of Door Dash.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 15th day of February, 2024.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

4